IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-459-BO

PASCUAL LUCIANO TOMAS GASPAR, )
)
        Plaintiff, )
)
v. ) ORDER
)
JAMES MCCAMENT, Acting Director, )
U.S. Citizenship and Immigration Services, )
*et al.*, )
)
        Defendants. )

This cause comes before the Court on defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue. [DE 20]. Plaintiff opposes dismissal, but does not oppose a transfer of this matter to the Southern District of California. [DE 22]. For the reasons that follow, this action is TRANSFERRED to the United States District Court for the Southern District of California.

## BACKGROUND

Plaintiff, a resident of Fallbrook, California, and a native and citizen of Guatemala, filed this action under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, seeking declaratory and injunctive relief relating to defendants' denial of plaintiff's application for Employment Authorization. Defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3), or, in the alternative, to transfer venue pursuant to 28 U.S.C. §§

1391(e)(1) and 1406(a), arguing that no event giving rise to the actions complained of occurred in this district, no defendant resides in this district, and plaintiff does not reside in this district.

DISCUSSION

Where a defendant in a civil action is an officer or employee of the United States acting in his or her official capacity or is an agency of the United States, venue is proper in the judicial district in which a defendant resides, a substantial part of the events giving rise to the action occurred, or the plaintiff resides if there is no real property involved. 28 U.S.C. § 1391(e)(1).

Plaintiff's complaint alleges that venue is proper in this district because defendant U.S. Customs and Immigration Service has offices in every state, including but not limited to Raleigh-Durham. As defendants correctly note, however, the U.S.C.I.S. field office to which plaintiff refers is in Durham, North Carolina, which is located in the Middle District of North Carolina. *See* 28 U.S.C. § 113. Plaintiff has not alleged or demonstrated that any of the individual defendants perform their duties in this district, as would be required to establish venue here, *see Republican Party of N. Carolina v. Martin*, 682 F. Supp. 834, 836 (M.D.N.C. 1988), nor has plaintiff alleged or demonstrated that any events giving rise to this action took place in this district or that he is a resident of this district. Venue is thus improper in the Eastern District of North Carolina.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court finds that in the interests of justice transfer of this action is warranted. Accordingly, the Court transfers this case to the Southern District of California, the district in which plaintiff resides. *See* 28 U.S.C. § 84.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to transfer is GRANTED IN PART and DENIED IN PART. This action is hereby TRANSFERRED in its entirety to the United States District Court for the Southern District of California.

SO ORDERED, this __9__ day of November, 2018.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE